**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_  5/13/2025  _
```

--------------------------------------------------------------X

United States of America,

                                    Plaintiff,                                    25-mj-135-UA

                    -against-                                                     **ORDER**

Bhupinderjit Singh,

                                    Defendant.

--------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

On April 22, 2025, Defendant Singh filed a letter motion seeking "reconsideration for the defendant's application for conditional release." (ECF No. 54 at 1).[1] The Government opposes, arguing that "Singh's motion is improper under the Bail Reform Act and should be denied without a hearing." (ECF No. 53 at 1). For the below reasons, Singh's request is **DENIED.**

## BACKGROUND

Singh is charged with Conspiracy to Commit Hobbs Act Robbery, Hobbs Act Robbery, and Firearms Use, Carrying and Possession, for his alleged involvement in an armed home invasion robbery in December 2024. (ECF No. 53-2 at 11:12-19).[2] On January 16, 2025, this Court held a bail hearing for Singh, at the end of which this Court denied his request for conditional release and ordered that he be detained. (*Id.* at 30).

---

[1] While the ECF entry associated with the letter indicates that it was filed on May 5, 2025, the letter itself is dated April 22, 2025.
[2] Citations to the hearing transcript refer to the internal transcript pages and not the ECF pagination.

1

Singh did not appeal the Court's ruling on this detention. Instead, Singh has requested "a reconsideration of the defendant's application for conditional release" (ECF No. 54 at 1), largely because his family is now able to "post a more substantial bond." (*Id.*). In opposing Singh's motion, the Government argues that Singh's motion "is improper under the Bail Reform Act as [Singh] presents no new or material information that was unavailable to him during the original proceeding." (ECF No. 53 at 5). The Government also asserts that even if Singh met the standard for this Court to reconsider its initial bail determination, "the factors set forth in §3142(g) continue to call for Singh's detention." (*Id.*).

## DISCUSSION

Under 18 U.S.C. §3142(f)(2), the judicial officer who conducted the initial detention hearing has the discretion to reopen that hearing

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. §3142(f)(2); *see also United States v. Zhang*, 55 F.4th 141, 148 (2d Cir. 2022) (emphasizing that Bail Reform Act leaves decision to reopen detention hearing upon new and material information to discretion of district court). Importantly, "[a] court's prior detention determination is a natural reference point against which to measure the materiality of new information for the purpose of reopening the hearing—that is, revisiting its earlier decision."

2

*Zhang,* 55 F.4th at 148. For purposes of considering whether to reopen a detention hearing, "new and material information . . . consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Rodriguez*, No. 15-MJ-02956, 2015 WL 6503861, at *1 (S.D.N.Y. Oct. 26, 2015) (denying defendant's request to reopen detention hearing because information was neither new nor weighed on factors court considered in detaining defendant) (quoting *United States v. Ali,* No. 12cr45S, 2012 WL 2921642, at *3 (W.D.N.Y. July 17, 2012)) (internal quotation marks omitted); *see also United States v. Salaman*, 720 F. Supp. 3d 102, 107 (D. Conn. 2024) (denying defendant's request to reopen detention hearing because even though information presented was new, it was not material to the court's initial determination).

After reviewing the hearing transcript and the points raised in Singh's letter, the Court sees no new or material information sufficient to justify reopening his detention hearing. Singh first points out that he has "little or no prior criminal record and no history of violence or failure to appear" and that he has "longstanding ties to the community, including stable housing, family support, and employment." (ECF No. 54 at 2).  But those same factors were raised and considered by the Court at the initial bail hearing when evaluating Singh's history and characteristics. The Court noted that "there are reasons to think in your history and characteristics that maybe release with conditions

3

might be possible," including "the fact that you have no real criminal history, the fact that you have a stable job, the fact that you have ties to the community, and you have lived here for some time. Those are all positive factors that would weigh towards release." (ECF No. 53-2 at 29:2-6). But the Court concluded that those factors were offset by some of the other evidence the Government proffered, including the "fact that the warrant on your phone has pulled up potential evidence of other criminal activity, coupled with the fact that you seemed to barricade yourself in the house and not come out; the fact that when they came into your house, there was evidence of you trying to hide evidence." (*Id.* at 29:6-12). And ultimately, the Court explained that Singh's history and characteristics were outweighed by the Court's analysis of the other 3142(g) factors—the "nature and circumstances of the offense charged" (ECF No. 53-2 at 28:12-21), "the weight of the evidence" (*id.* at 29:11-23), and "the nature and seriousness of the danger" to the community (*id.* at 30:17-23)—all of which weighed heavily in favor of detention.

Singh also argues that "the specific facts [of the charge] may be less aggravated than the statute anticipates" because "none of the complainants were injured in the commission of the offense." (ECF No. 54 at 2). Again, the Court considered these arguments when evaluating the nature and circumstances of the offense charged and the nature and seriousness of the danger to any person in the community that would be posed by Singh's release. The Court noted that this was a "serious robbery that involves weapons; that

4

involves zip ties, and an intent to potentially cause harm, and it involves minor children as well...At the end of the day, I think it's just lucky that no one got hurt, given what was described in the complaint." (ECF No. 53-2 at 27:13-23). The Court also noted "it appears from the evidence presented or proffered in the complaint that [Singh was] the ring leader." (*Id.* at 29:21-23). Thus, Singh's argument that no one was injured is neither new nor material to the Court's detention decision.

Singh next argues that alternative conditions "such as electronic monitoring, home detention, third-party custodians, regular drug testing, or a secured bond" can mitigate any flight risk or danger to the community. (ECF No. 54 at 2). Again, the Court considered "all reasonable, less restrictive alternatives," such as those now raised by Singh, but found them insufficient. (ECF No. 53-2 at 29:24-30:1). The Court reasoned that Singh's strong ties to the community "and your stable employment and the amount of money you have, none of that anchored you enough to keep you from this potential crime." (*Id.* at 30:3-5).

At most, Singh's letter offers the "new" information that his family is willing to post a more substantial bond to secure his release. (ECF No. 54 at 1). But this is neither new nor material. First, Singh provides no support for the proposition that his ability to post an increased bond is sufficiently new information for purposes of reopening his bail hearing. Indeed, at the time of his bail hearing, Singh had already proposed a bond of $150,000 to be secured by

his family residence valued at $750,000. (ECF No. 53-2 at 21:9-13). And Singh made statements on the record about having sufficient funds to hire his own attorney and about his ownership of a house in New York City worth $850,000. (*Id.* at 8:1, 9:3-5). Thus, Singh's current ability to post a bond larger than his originally proposed amount of $150,000 is not exactly new information that was unknown to him at the time of his hearing.

But even if the Court were to accept Singh's contention that his ability to post a more substantial bond is new information, it is not material to the Court's decision. In reaching its original determination, the Court stated that it "tried to consider all reasonable, less restrictive alternatives, including the package proposed by your attorney, but in my view, I don't think they are sufficient." (ECF No. 53-2 at 29:24-30:1). As noted above, the Court reasoned that Singh's strong ties to the community "and your stable employment and the amount of money you have, none of that anchored you enough to keep you from this potential crime. And parents who love their children are willing to almost risk everything to keep them out of jail. So to me...that does not offset my concerns of your risk of flight or the danger to the community." (*Id.* at 30:5-6). Thus, Singh's ability to post a large bond was not material to the Court's initial detention decision. Similarly, Singh's ability to post an even larger bond now does not warrant the Court's reconsideration of that decision.

6

## **CONCLUSION**

For the reasons above, Singh's request for a hearing to reconsider his application for conditional release is **<u>DENIED</u>**. The Clerk of Court is respectfully directed to close out the gavel associated with ECF No. 54.

**SO ORDERED.**

DATED:     White Plains, New York
              5/13/2025

VICTORIA REZNIK
United States Magistrate Judge